FILED - USDC - FLMD - ORL
AUG 5 2026 PM3:18

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 6:26-cr-192-CEM-CAB
18 U.S.C. § 1349
(Conspiracy to Commit Mail Fraud)

YONGBO LI,
XIAOWEI LIN,
HUASHAN LU,
YUXIANG ZHAO,
SHOUXIN LUO,
LING WANG

# INDICTMENT

The Grand Jury charges:

## COUNT ONE
## (Conspiracy to Commit Mail Fraud)

### A. Introduction

At all times material to this Indictment:

1. YONGBO LI, XIAOWEI LIN, HUASHAN LU, YUXIANG ZHAO, SHOUXIN LUO, and LING WANG, were each a resident of the Middle District of Florida.

2. HUASHAN LU was the registered agent and manager of Vex Builders, LLC, a limited liability company registered with the State of Florida.

3. YUXIANG ZHAO was the registered agent and manager of Vita Builders, LLC, a limited liability company registered with the State of Florida.

4. SHOUXIN LUO was the registered agent and manager of Ironpalm

Builders, LLC, a limited liability company registered with the State of Florida.

5. LING WANG was the registered agent and manager of Palmedge Construction, LLC, a limited liability company registered with the State of Florida.

**B. The Conspiracy**

6. Beginning on an unknown date, but at least as early as on or about January 28, 2026, and continuing through on or about July 30, 2026, in the Middle District of Florida and elsewhere, the defendants,

**YONGBO LI,**
**XIAOWEI LIN,**
**HUASHAN LU,**
**YUXIANG ZHAO,**
**SHOUXIN LUO, and**
**LING WANG**

did knowingly and willfully combine, conspire, confederate, and agree with each other, and others known and unknown to the Grand Jury, to commit mail fraud, and, in the course of such fraud, one or more financial institutions were affected, in violation of 18 U.S.C. § 1341.

**C. Manner and Means**

7. The manner and means by which the conspirators and others sought to accomplish the conspiracy included, among others, the following:

a. It was part of the conspiracy that the conspirators would and did impersonate legitimate businesses, financial institutions, government agencies, and other trusted entities to gain the victims' confidence and induce the victims to mail the conspirators funds.

b. It was part of the conspiracy that the conspirators would and did initiate contact through telephone calls, emails, and Internet pop-up messages, falsely claiming victims' financial accounts and personal information had been compromised and that immediate action by victims was required. Victims were instructed to maintain secrecy throughout the process and directed to withdraw funds, purchase cashier's checks, initiate wire transfers, and mail U.S. currency to resolve the fabricated issue.

c. It was part of the conspiracy that the conspirators would and did instruct victims to obtain cashier's checks payable to Palmedge Construction, LLC, Ironpalm Builders, LLC, Vita Builders, LLC, and Vex Builders, LLC, and mail said checks to addresses associated with those businesses in the Middle District of Florida.

d. It was part of the conspiracy that the conspirators would and did receive such cashier's checks, certified checks, and cash via the U.S. Postal Service and private and commercial interstate carriers.

e. It was part of the conspiracy that the conspirators would and did open mail and packages containing cashier's check, certified checks, and cash received and cause the proceeds to be deposited in bank accounts used and controlled by the conspirators.

f. It was part of the conspiracy that the conspirators would and did convert the fraudulently obtained funds to their own possession and use.

In violation of 18 U.S.C. § 1349.

**FORFEITURE**

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture, pursuant to provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction for conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, the defendants shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of approximately $2,023.304.95, which represents the proceeds the defendants obtained from the offense.

4. If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

[redacted]

GREGORY W. KEHOE
United States Attorney

By: ______________________________
Patrick M. Flanigan
Assistant United States Attorney

By: ______________________________ FOR MPF
Michael P. Felicetta
Assistant United States Attorney
Chief, Orlando Division

FORM OBD-34
August 26

No.

UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

YONGBO LI, XIAOWEI LIN,
HUASHAN LU, YUXIANG ZHAO,
SHOUXIN LUO, LING WANG

INDICTMENT

Violations: 18 U.S.C. § 1349

[redacted]

Filed in open court this 5th day

of August, 2026.

______________________________
Clerk

Bail $______________________